SIDNEY BLUMENTHAL & CO., INC., Appellant, *v.* S. M. GALLERT & Co., INC., Respondent.

First Department, June 6, 1924.

Sales — action by seller for damages for refusal to accept goods — contract provided for delivery "about April-May" — provision following strike clause allowing twenty days extra for delivery did not extend time to June twentieth — contract not having been rescinded by seller it was necessary for it to tender goods to make buyer liable.

The time for the delivery of goods under a contract providing for delivery "about April-May" is not extended by a sentence in the contract following a clause

exempting the seller from liability for any loss sustained by the buyer resulting from delay caused by strikes, etc., which states that shipments within twenty days of date named for delivery shall be deemed good deliveries, for that provision has no application to the provision that the delivery of the goods should be made "about April-May," and, therefore, the time for delivery was not extended to June twentieth.

The seller not having rescinded the contract when the buyer rejected a portion of the goods delivered on the eighth of June and having sued on the contract, it was necessary for it to prove a tender of the goods not yet delivered in order to fix the buyer's liability.

APPEAL by the plaintiff, Sidney Blumenthal & Co., Inc., from a judgment of the Supreme Court in its favor, entered in the office of the clerk of the county of New York on the 27th day of February, 1923, upon the dismissal of the complaint as to certain items of damages.

*Liebman, Blumenthal & Levy* [*Eugene Blumenthal* of counsel; *David Levy* with him on the brief], for the appellant.

*Gallert, Hilborn & Raphael* [*Walter S. Hilborn* of counsel], for the respondent.

MARTIN, J.:

The parties executed a written contract dated March 22, 1920, for the sale by plaintiff to the defendant of sixty-three pieces of pile fabric, delivery to be made "about April-May, 1920, as goods are available." Twenty-one pieces were delivered prior to June 1, 1920, for which payment was made. Defendant refused to accept eight others offered for delivery on or about June 8, 1920. The remaining thirty-four pieces were never tendered. Plaintiff seeks to recover damages for breach of contract by defendant with reference to both the eight pieces and the thirty-four pieces. At the close of its case the trial court dismissed the complaint so far as plaintiff's claim related to the thirty-four pieces. At the close of the entire case the jury was directed to assess damages for defendant's failure to accept the eight pieces and a verdict was returned for the sum of $406. Plaintiff appeals from the judgment in so far as it dismissed the complaint as to that part of its claim relating to thirty-four pieces. The defendant does not appeal.

Plaintiff on or about June 8, 1920, offered to the defendant four cases which defendant, without opening them, refused to accept. Plaintiff thereupon by letter requested an explanation of this refusal, which request was repeated on June 17, 1920. Defendant, on June 23, 1920, replied as follows: "We have no memorandum of any orders for delivery after May 31, and accordingly did not receive the merchandise."

The refusal by the defendant to accept was placed upon the sole ground that a tender of the goods after May thirty-first was not timely.

Plaintiff replied under date of June twenty-fifth, stating: "These goods were shipped to contract bearing date of March 22, 1920, No. 689. Delivery specified provides for shipment to quote it 'about April-May, 1920, as goods are available,' and the contract is furthermore conditioned to quote from it again 'shipments within 20 days of date named for delivery, shall be deemed good delivery.' Obviously, the time for delivery did not expire until the 20th day of the present month, but aside and apart from that, considering that the merchandise was manufactured for use throughout the coming fall season, in other words, we are talking about fall goods, the claim of late delivery in its practical application, will not hold."

By subsequent letters in an effort to reach a settlement the parties reiterated their interpretation of the contract. The contract was on plaintiff's printed form. At the top of it the words "delivery about" are printed. These words were followed in the contract here by the typewritten words "April-May, 1920, as goods are available."

Defendant contends that the trial court was correct in dismissing the complaint as to the thirty-four pieces of goods, because plaintiff failed to prove that it had such goods available for delivery in April or May or prior to June eighth; that it affirmatively appeared that sufficient goods to substantially perform this contract were not available to plaintiff prior to June 20, 1920, and that the time for delivery was not extended to June twentieth by reason of a clause printed in another portion of the contract.

Plaintiff argues that the court at Trial Term properly held that the word "about" in the delivery specifications carried the delivery date forward, so that the tender made on the eighth of June was timely, and that the court should have held under another clause in the contract that the plaintiff had until the twentieth of June to deliver the remaining installment of goods.

After the eight pieces referred to were tendered and refused on the 8th of June, 1920, the plaintiff continued to look for disposition instructions, for the goods which remained undelivered under the contract, and urged the acceptance thereof. Plaintiff was not advised by defendant until June twenty-third of its reason for rejecting the eight pieces on June eighth.

From its letter it is evident that defendant rejected the deliveries upon the sole ground that under the terms of the contract all deliveries should have been made by May 31, 1920. That was

an erroneous view of the terms of the contract. Such a construction would be proper if the contract provided for deliveries in April or May. The words " about April-May " cannot be construed to mean exactly the same as " April-May." The word " about " must have been intended to have some qualifying meaning.

The plaintiff contended that it had twenty days after May 31, 1920, to make deliveries under the contract. The contention of plaintiff that it had twenty days was based upon the following clause: " Seller shall not be liable for any loss sustained by buyer resulting from any delay in delivery nor from non-delivery caused by the Act of God, public enemy, wars between this and/or other countries, riots, fires, strikes, difficulty in procuring, or scarcity of dyestuffs, chemicals or other materials, labor troubles or other causes beyond the seller's control; delay in delivery so caused extending for a period of 20 days beyond the date named for delivery shall release buyer and seller from obligation to receive or deliver the merchandise."

The above is followed by this sentence: " Shipments within 20 days of date named for delivery shall be deemed good deliveries."

The twenty-day clause had nothing whatever to do with the contract provision that the delivery of the goods should be " about April-May as goods are available."

The contention of the seller that it had until the twentieth of June to deliver the goods is not sustained by the terms of the contract.

Assuming without deciding that the provision " about April-May," would permit a delivery on June 8, 1920, as the trial court held in this case, from which determination no appeal was taken, the plaintiff would not have until June 20, 1920, to deliver the thirty-four pieces.

In this case the contract was not rescinded by the seller. The seller elected to consider the contract in existence. Tender was, therefore, necessary. There was no proof of tender of the thirty-four pieces, and it is clear they were not ready for delivery within the contract time.

The plaintiff was not entitled to a more favorable judgment than it obtained.

The judgment should be affirmed, with costs.

CLARKE, P. J., MERRELL, FINCH and MCAVOY, JJ., concur.

Judgment affirmed, with costs.